IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY D. JONES, #00779904,       ) | |
|       Plaintiff,       ) | |
| vs.       ) | No. 3:22-CV-866-L-BH |
|    ) | |
| MCDONALD'S CORPORATION, et al.,       ) | |
|       Defendants.       ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** for failure to state a claim.

**I. BACKGROUND**

Jimmy D. Jones (Plaintiff), a *pro se* Texas prisoner, sues McDonald's Corporation (McDonald's) and a shift manager for violation of his constitutional rights. (*See* doc. 3 at 1.)[2] He alleges that in 1995, while he was a 15-year-old working in a McDonald's restaurant in Corsicana, Texas, the shift manager sexually assaulted and raped him repeatedly. (*Id.*) He alleges that the defendants violated his civil rights under the Eighth Amendment against cruel and unusual punishment, and under Article 5 of the Universal Declaration of Human Rights, as applicable through Article VI of the United States Constitution, against torture or cruel, inhuman or degrading treatment or punishment. (*Id.* at 2.) He seeks monetary damages in the amount of $10 million dollars for the assault, mental anguish, and emotional distress. (*Id.*)

**II. PRELIMINARY SCREENING**

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

is subject to preliminary screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal if the complaint, or any portion thereof, is found to be "frivolous or malicious", if it "fails to state a claim upon which relief may be granted", or if it seeks monetary relief against a defendant who is immune from such relief. Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curium).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id. Pro se* filings are "to be liberally construed", however. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A "'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle*, 429 U.S. at 104-05).

### III. 42 U.S.C. § 1983

Plaintiff's claims for violation of his constitutional rights appear to arise under 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United

2

States" and "afford[s] redress for violations of federal statutes, as well as constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.   **State Action**

As noted, to be actionable, a deprivation of rights must have occurred under color of state law. *See id.* Plaintiff has not alleged that the alleged deprivation of his rights by McDonald's and its alleged employee was committed by a state actor or occurred under color of state law.

As a private entity and a private individual, the defendants cannot be held liable under § 1983 unless their conduct can be "fairly attributable to the State." *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)); *see also Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) ("'Private individuals are generally not considered to act under color of law'") (quoting *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005)). In *Priester*, the Fifth Circuit explained that "[f]or a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* at 420 (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (*per curiam*)). The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Priester*, 354 F.3d at 420; *see also Avdeef*, 616 F. App'x at 676. Plaintiff makes no allegations of an agreement between the defendants and a state actor, so he has not alleged conduct that is fairly

3

attributable to the State for purposes of § 1983. Because he has not alleged state action, he fails to state a claim against the private defendants under § 1983 claims for violation of his civil rights.[3]

**B.      Limitations**

Plaintiff contends that the conduct occurred in 1995, when he was fifteen.

Courts "may raise the defense of limitations sua sponte." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.; accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 U.S. 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

---

[3] Plaintiff has also not alleged that he was prisoner in 1995 for purposes of his claim under the Eighth Amendment of the United States Constitution, which prohibits the infliction of "cruel and unusual punishments." *See* U.S. Const. amend. VIII. Its protections are limited in scope to convicted prisoners. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *Walker*, 550 F.3d at 414. Plaintiff's causes of action accrued, and the limitations period began to run, when he knew or had reason to know of the injury that is the basis of his action. More than twenty years have passed since he attained the age of majority in 1998.

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id*. "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Federal law requires that litigants diligently pursue their actions before equitable tolling becomes available, however. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Plaintiff does not allege any basis for equitable tolling. He has not alleged that he has diligently pursued his claims or extraordinary circumstances that warrant equitable tolling. He also fails to state a claim on this basis. A complaint that is barred by the statute of limitations is frivolous and fails to state a claim. *See Pantoja v. Fort Worth Texas Police Dep't*, 543 F. App'x 379, 379-80 (5th Cir. 2013) (affirming district court's dismissal of time-barred complaint as frivolous and for failure to state a claim).

Plaintiff's § 1983 claims against the defendants for violation of his civil rights should be dismissed for failure to state a claim.[4]

## IV. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. V. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted); *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Because Plaintiff cannot state a § 1983 claim for violation of his civil rights against the private defendants, and because any other claims he might assert based upon conduct that occurred in 1995 appear to be time-barred, he appears to have plead his best case, and leave to

---

[4] To the extent that Plaintiff seeks to bring any claim directly under Article 5 of the Universal Declaration of Human Rights, it is a non-binding declaration that provides no private right of action. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (explaining that the Universal Declaration is simply a statement of principles and not a treaty or international agreement that would impose legal obligations).

amend is not warranted.

## V. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SIGNED this 19th day of April, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.