IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JIMMY D. JONES, #00779904,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. **3:22-CV-866-L-BH** |
| § | |
| **MCDONALD'S CORPORATION, and** § | |
| **FNU HASSAN,** § | |
| § | |
| Defendants. § | |

## **ORDER**

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 9) was entered on April 19, 2022, recommending that the Complaint (Doc. 3) filed by Plaintiff Jimmy D. Jones ("Plaintiff" or "Mr. Jones") bringing claims for alleged violations of his constitutional rights by Defendants McDonald's Corporation and shift manager FNU Hassan be dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff, who is currently incarcerated, timely filed his objections to the Report on May 5, 2022. Plaintiff objects on the following grounds: (1) Plaintiff did not consent to the magistrate judge issuing findings and conclusions; (2) the magistrate subjected Plaintiff's complaint to the provisions of the Prison Litigation Reform Act's ("the PLRA") even though Plaintiff does not bring a claim related to conditions of his confinement; (3) the magistrate evaluated Plaintiff's claims under 42 U.S.C. § 1983, rather than 28 U.S.C. § 1343; and (4) the statute of limitations does not apply because Plaintiff was a teenager at the time of the alleged events and has suffered damage to his mental state as a result. Doc. 10 at 1.

Mr. Jones fails to state any objections that require rejection of the Report. First, a magistrate judge does not require a litigant's consent to issue findings and recommendations because those

**Order – Page 1**

findings and conclusions are not dispositive of claims. 28 U.S.C. § 636(b)(1)(B). As for Mr. Jones's objection to the application of the PLRA to his claims, the Report does not do so; rather, the Report applies 28 U.S.C. § 1915(e), which mandates preliminary screening for a claim filed by any litigant proceeding *in forma pauperis* ("IFP"), regardless of whether the litigant is incarcerated. *See* Doc. 9 at 2, 7. The court granted Mr. Jones leave to proceed IFP and provided notice that his claims would be subject to the court's preliminary screening function under that statute. *See* Doc. 7 at 1. The magistrate properly considered Mr. Jones's IFP claims under that screening statute.

Next, Mr. Jones states that the Report incorrectly evaluates his claims as brought under 42 U.S.C. § 1983 rather than 28 U.S.C. § 1343. Doc. 10 at 1. Mr. Jones asserts that Section 1343 is the proper statute because his "lawsuit is for damages for sexual assault authorized by (28) U.S.C. 1343 civil rights and elective franchise subsection (4) recovery of damages." *Id*. Section 1343 provides that district courts have original jurisdiction over civil actions brought, in relevant part, to recover damages for a violation of a civil right pursuant to 42 U.S.C § 1985. 28 U.S.C. § 1343(a)(4). Mr. Jones seeks relief through a statute that provides damages for an established civil right violation, but he fails to allege an underlying civil rights violation. The proper vehicle to allege a violation of civil rights is the statute the magistrate judge applied, 42 U.S.C. § 1983. Considering the relief available in Section 1983, the magistrate found that Mr. Jones has not alleged a violation of his rights by a state actor or a private person working in coordination with a state actor because the McDonald's Corporation and its employees are private citizens, and Mr. Jones does not allege facts showing that Defendants acted in coordination with a state actor. Doc. 9 at 3-4. Although the court recognizes that the events alleged by Mr. Jones are particularly hurtful, these allegations against these Defendants are not properly brought as a civil rights complaint.

**Order – Page 2**

Finally, Mr. Jones fails to provide the court with a reason that the two-year statute of limitations does not bar his claims for damages for incidents that are alleged to have occurred more than twenty years ago, or why the court should permit any equitable tolling provisions.

Having considered the Complaint, Report, objections, file, and record in this case, and having conducted a *de novo* review of that portion of the Report to which objections were made, the court, for the reasons explained, determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this action under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**It is so ordered** this 19th day of September, 2022.

Sam A. Lindsay
United States District Judge