IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY D. JONES, #00779904, | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:22-CV-866-L-BH |
| | ) | |
| MCDONALD'S CORPORATION, et al., | ) | |
| **Defendants.** | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's *Motion to Alter or Amend the Judgment*, received on October 6, 2022 (doc. 14), should be **DENIED**.

## I. BACKGROUND

Jimmy D. Jones (Plaintiff), a *pro se* Texas prisoner, sued McDonald's Corporation (McDonald's) and a shift manager for violation of his constitutional rights. (*See* doc. 3 at 1.)[2] He alleged that in 1995, while he was a 15-year-old employee of a McDonald's restaurant in Corsicana, Texas, the shift manager sexually assaulted and raped him repeatedly. (*Id.*) He alleged that the defendants violated his civil rights under the Eighth Amendment against cruel and unusual punishment, and under Article 5 of the Universal Declaration of Human Rights, as applicable through Article VI of the United States Constitution, against torture or cruel, inhuman or degrading treatment or punishment. (*Id.* at 2.) He sought monetary damages in the amount of $10 million dollars for the assault, mental anguish, and emotional distress. (*Id.*) On April 9, 2022, it was recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted because Plaintiff had not pleaded sufficient facts to show that the alleged deprivation of his

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

rights was committed by a state actor or occurred under color of state law, there is no private right

of action under Article 5, and his claims based on events that occurred more than 20 years after he

attained the age of majority were time-barred.   (*See* doc. 9.)   Plaintiff objected to the

recommendation on grounds that he did not consent to have a magistrate judge issue findings and

conclusions, the magistrate judge improperly screened his complaint under the Prisoner Litigation

Reform Act (PLRA) and evaluated his claims under the wrong statute, and the statute of limitations

did not apply to his claims.  (*See* docs. 10, 11.)  On September 19, 2022, his objections were

expressly overruled, the recommendation was accepted, and his complaint was dismissed for failure

to state a claim upon which relief may be granted.  (*See* docs. 11, 12.)

Plaintiff now seeks to alter and amend the judgment under Fed. R. Civ. P. 59(e).  (*See* doc.

14.)  He again contends that he did not consent to have a U.S. Magistrate Judge "participate" in this

case, and that any judgment based on a report is therefore "null".  (*See id.*) He also contends that

because he is not suing a governmental defendant, the PLRA does not apply to his complaint.  (*See*

*id.*)  Finally, he claims that he supported his complaint with a declaration under penalty of perjury,

and that "the term nunc pro tunc as used in [his] civil action applies retroactively to the claim" he

raises, so it is not barred by the statute of limitations.  (*See id.*)

## II.  RULE 59(e)

Plaintiff's motion challenges the judgment in this case, and was filed within 28 days of its

entry, so it is properly construed as arising under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair

Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that where a case is resolved without a

trial, a motion to alter or amend judgment is generally considered under Rule 59(e)); *see also*

*Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a litigant files a motion

seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Alexander v. Wells Fargo Bank*, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff essentially reasserts the same arguments which he made in his objections to the recommended dismissal of his complaint, and which were specifically rejected by the Court. (*See* doc. 11.) Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show entitlement to relief under Rule 59(e). *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected). Plaintiff has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying

3

alteration or amendment of the judgment.  He has provided insufficient grounds to justify relief

under Rule 59(e).

## III.  RECOMMENDATION

Plaintiff's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) should be

**DENIED**.

**SIGNED this 7th day of October, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 14 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See
Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE