IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JIMMY D. JONES, #00779904,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No**. 3:22-CV-866-L-BH** |
| | § | |
| **MCDONALD'S CORPORATION, and FNU HASSAN,** | § § | |
| | § | |
| Defendants. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 15) was entered on October 7, 2022, recommending that the court deny the Motion to Alter or Amend the Judgment ("Motion") (Doc. 14), filed by Plaintiff Jimmy D. Jones ("Plaintiff" or "Mr. Jones") on October 6, 2022. In the Motion, Plaintiff asks the court to alter or amend its prior order accepting the previous report from the magistrate judge, and effectively dismissing Plaintiff's claims for failure to state a claim upon which relief may be granted.[*] *See* Docs. 11, 12. Plaintiff repeats his prior arguments regarding the inapplicability of the Prison

---

[*] In Plaintiff's Complaint, he brought claims for sexual assault by a McDonalds manager which occurred when Plaintiff was a teenager in 1995, asserting rights to relief under the Eighth Amendment of the United States Constitution, 28 U.S.C. § 1343, construed as being brought under 42 U.S.C. § 1983, and Article 5 of the Universal Declaration of Human Rights. *See* Doc. 3. The court, accepting the report, dismissed those claims because Plaintiff failed to state a claim for violation of his civil rights by a private actor under the Eighth Amendment, Section 1343, or Section 1983, and further, the Universal Declaration of Human Rights does not confer a private cause of action. *See* Doc. 11; *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) (explaining that the Declaration does not impose any legal obligations or causes of action in the countries that have adopted it). Dismissal with prejudice was proper because Plaintiff cannot cure his pleading deficiencies because there are no facts that will convert a private actor (his manager) into a state actor, and any claims based on conduct occurring in 1995 appear to be time-barred and therefore amendment would be futile. Doc. 9 at 6-7.

The court notes that the magistrate's report recommending dismissal was filed on April 19, 2022, giving Plaintiff five months to object and request the court for leave to amend his Complaint. Plaintiff filed objections to the magistrate's authority to file the report, the application of the PLRA—although the court did not—to his claims, and the conversation of his Section 1343 claim into Section 1983, the proper statute to allege violation of civil rights. The court reviewed and rejected Plaintiff's objections, and dismissed his claims with prejudice. Doc. 11.

**Order – Page 1**

Litigation Reform Act's ("the PLRA"), his non-consent to a magistrate judge, and an apparent assertion that use of the term "*nunc pro tunc*" in his Complaint applies retroactively to his claims, removing any statute-of-limitations barrier. *See* Doc. 14. Plaintiff has not filed objections to the Report, and the time to do so has passed.

Having considered the Motion, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Accordingly, the court **denies the Motion with prejudice**.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 1st day of November, 2022.

                                                      */s/ Sam A. Lindsay*
                                                      Sam A. Lindsay
                                                      United States District Judge